## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRIDAY OGUNYEMI JAMES,** | : | **CIVIL NO.  3:16-CV-2266** |
| | : | |
| **Petitioner** | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| **MARY SABOL, WARDEN, YORK** | : | |
| **COUNTY PRISON,** | : | |
| | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Friday Ogunyemi James ("James"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on November 9, 2016, seeking release from mandatory detention.  (Doc. 1).

Preliminary review of the petition has been undertaken, <u>see</u> R. GOVERNING § 2254 CASES R. 4[1], and, for the reasons set forth below, the petition will be denied.

### I.      Factual Background

James, a native and citizen of Liberia, was admitted to the United States at New York, New York on or about October 12, 2000, as a "Non-Immigrant Visitor, Class B-1." (Doc. 1,

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." <u>See</u> R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. <u>See</u> R. GOVERNING § 2254 CASES R.1(b).

p. 3; Doc. 1-1, p. 2).  On September 14, 2009, he adjusted his status to lawful permanent resident.  (Id.; Id.)  On October 23, 2012, he was convicted in the United States District Court for the Eastern District of Pennsylvania of twenty-six counts of Aiding and Assisting in the Preparation and Filing of Materially False Tax Returns in violation of  26 U.S.C. § 7206(2). (Id.; Id.)  On October 30, 2013, he was sentenced to a thirty-six month term of imprisonment. (Id.)  He was released from custody on August 9, 2016, and immediately taken into ICE custody.  (Id. at 7).

A hearing was held before an Immigration Judge ("IJ") on September 13, 2016.  (Id.) At that time, the IJ concluded that James's offense qualified as aggravated felony pursuant to INA section 237(a)(A)(iii), based on a loss to the victim exceeding $10,000.00, as charged in the Notice to Appear.  (Id.; Doc. 1-1, p. 2).  James was ordered removed from the United States.  (Id.)  The IJ denied James's subsequent motion for reconsideration on September 17, 2016.  (Id.)  Thereafter, James filed an appeal with the Board of Immigration Appeals ("BIA).  The appeal is currently pending.

## II.   Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions of 8 U.S.C. § 1226.  Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States.  Although § 1226(a) permits discretionary release of aliens on bond, § 1226 (c)(1) states that "[t]he Attorney General shall take into custody any alien who– (B) is deportable by reason of having committed any offense covered in section

1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1).  Aggravated felonies fall under § 1226(a)(2)(A)(iii).

Because James was only recently taken into ICE custody on August 9, 2016, he cannot assert a claim of unreasonably prolonged detention in violation of the Due Process Clause under Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three year detention was unconstitutionally unreasonable and, therefore, a violation of due process).  In Diop, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.  656 F.3d at 231.

In the matter *sub judice*, James has been mandatorily detained for less than four months.  Based on the appeal pending before the BIA, it is clear that the September 13, 2016 order of removal is not administratively final and that James's detention is authorized by 8 U.S.C. § 1226(c).  James alleges no facts to show that his continued detention, is or will become unreasonably prolonged or indefinite.  At this juncture, his detention is both mandatory and constitutionally permissible, and his petition for release from custody will be denied.

An appropriate order will enter.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:       December 2, 2016

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRIDAY OGUNYEMI JAMES,** | : | **CIVIL NO. 3:16-CV-2266** |
| | : | |
| **Petitioner** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **MARY SABOL, WARDEN, YORK** | : | |
| **COUNTY PRISON,** | : | |
| | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

AND NOW, to wit, this 2nd day of December 2016, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the Court's Memorandum of the same date, it is hereby ORDERED that:

1. The application to proceed *in forma pauperis* (Doc. 4) is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED without prejudice.

3. The Clerk of Court is directed to CLOSE this case.


**BY THE COURT:**


**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**